**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario Cacho FIGUEROA,**
**Defendant–Appellant.**

No. 03–30322.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 2, 2004.

Kurt P. Hermanns, Esq., Donald M. Currie, Esq., Robert Henry Westinghouse, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Peggy Sue Juergens, Attorney at Law, Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

## MEMORANDUM **

Mario Cacho Figueroa (Figueroa) appeals his convictions on ten counts of mail fraud and aiding and abetting the same, 18 U.S.C. §§ 2, 1341; six counts of wire fraud and aiding and abetting the same, 18 U.S.C. §§ 2, 1343; four counts of bank fraud and aiding and abetting the same, 18 U.S.C. §§ 2, 1344; and one count of conspiracy, 18 U.S.C. § 371. He also moves for permission to raise a post-briefing, Sixth Amendment challenge to his 151–month sentence in light of the Supreme Court's June 24, 2004, decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Figueroa argues that his challenged convictions should be reversed because the district court refused to give, at the end of trial, then-current Ninth Circuit Model Jury Instruction (Criminal) 4.10 (2000), which pertains to how the jury should evaluate the testimony of a witness who has received benefits from the government. Figueroa did not object to the jury instructions when given, but argued for Instruction 4.10 only after the court suggested *sua sponte,* after the jury had been instructed, that it might recall them to give that instruction. It is not entirely clear from the record whether Figueroa's objection to the district court's ultimate refusal to give the instruction came after the jury had already begun to deliberate, in which case we would review for plain error, *United States v. Delgado,* 357 F.3d 1061, 1065 (9th Cir.2004), or whether, as Figueroa urges, there was a timely objection to the jury instructions, in which case we would review for abuse of discretion, *United States v. Garcia–Rivera,* 353 F.3d 788, 791 (9th Cir.2003).

We need not determine which standard of review applies, however, as we would reach the same result under plain-error or

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

abuse-of-discretion analysis. *See id.* at 792. After reviewing the record, we hold the jury instructions as a whole were neither misleading nor inadequate to guide the jury's deliberation. *United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000) ("In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation."). Accordingly, we affirm Figueroa's convictions.

Although we affirm Figueroa's convictions, we hold the mandate in abeyance until further notice, so as to await resolution by this court or the United States Supreme Court of the impact of *Blakely* on the United States Sentencing Guidelines. AFFIRMED, BUT MANDATE WITHHELD.